NADAL, APPELLANT, *v.* REGISTRAR OF SAN GERMÁN,
RESPONDENT.

APPEAL from a Decision of the Registrar of Property
Refusing to Record a Forced Sale.

No. 518.—Decided June .20, 1923.

RECORD OF TITLE—MORTGAGE—FORECLOSURE—TRANSFER OF TITLE—PARTIES. — A
record title can be transferred to the mortgagee upon the record only after
foreclosure of the mortgage by the owners thereof in some court which has
the power and authority to issue the demand for payment at the time the
order is entered; but neither a notary nor the registrar, nor both together,
with the assistance of the mortgagee and attorneys, can accomplish this result
by the execution and record of any public instrument to which the owner
of the mortgaged property is not a party.

The facts are stated in the opinion.

*Mr. A. A. Vázquez* for the appellant.

The respondent did not appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

This case is in some respects typical of a class and may
serve to call attention to a condition that can be remedied
only by legislative action.

A large and increasing number of controversies in-
volving amounts too insignificant to rouse the interest of
an attorney make heavy demands upon the time of this
court and of necessity often receive serious consideration
at the expense of matters of much larger importance to
the parties immediately concerned.

The instrument, record of which was refused herein,
purports, among other things, a conveyance to the present
alleged owner of a parcel of land for a consideration of $50.

This is the second appeal. See *Nadal* v. *Registrar*, 30
P. R. R., 74.

The brief for appellant throws no light upon the real
questions involved and the registrar has filed no brief.

Appellant of course would have no reason to complain
if the ruling appealed from should be affirmed without
passing upon its merits. But the soundness of that ruling

was not so self-evident that we were able to agree among ourselves upon such a course. Hence, some expression of opinion became necessary. A number of questions which are more or less involved are by no means free from difficulty. Our decisions in matters of this kind are acted upon by parties dealing with real estate and in the course of time become rules of property. It follows that some degree of caution must be exercised in arriving at conclusions, and a case in which the parties appearing before this court have little or no interest often demands, and of necessity receives, an amount of care and consideration out of all proportion to its intrinsic importance.

Whatever apology this prologue may require will be found in the opening paragraph.

And by way of transition we may add that in dealing with such a situation our duty is best discharged by a conscientious endeavor to avoid, in so far as feasible, the unwitting establishment of false and misleading precedents, rather than by an attempt to determine in any particular case without the aid of counsel all the questions involved.

In the instant case the registrar refused to record a deed executed by the marshal of a district court as the result of a summary foreclosure proceeding instituted by the vendee, Cristina Carrión y Otero, as mortgagee and sole owner of the lien. This instrument likewise purports a simultaneous transfer by the vendee above mentioned and her daughter María Nadal y Carrión in favor of a third party, Gonzalo Arán y Soler. In it the daughter as a joint owner of the mortgage credit, although not a party to the foreclosure proceedings, undertakes to ratify and approve the unauthorized action of the mother above mentioned; and, upon the theory of merger, both consent to a cancellation of the mortgage upon the record.

The mortgage had been executed to secure a loan made out of conjugal funds by the mother, as original mortgagee,

during the life time of her husband, who died prior to the institution of the foreclosure proceedings. Thereupon an undivided one-half interest in the mortgage vested in the daughter, subject to the usufructuary interest of the widow, who of course retained her ownership of the other one-half as survivor of the conjugal partnership.

These and other details are all set forth at length in the attempted double conveyance, which was tendered for record first in the name of mother and daughter, as joint owners of the land in question, and then in the name of Gonzalo Arán as their vendee.

The ruling appealed from reads as follows:

"Record of the foregoing deed No. 19, executed in Mayagüez on February 10, 1921, before notary Angel A. Vázquez y Sánchez, which is accompanied by an exhibit, is denied as to the judicial sale of the mortgaged property referred to in the deed to Cristina Carrión y Otero and the ownership right in the property attributed to Carmen María Nadal y Carrión for the following reason: Because, it appearing from the record that the foreclosed mortgage credit is recorded in common and *pro indiviso* in favor of the said persons under titles of community, legacy, usufruct and testate inheritance, and it appearing from the document presented that the judicial sale of this property by virtue of the said foreclosure was made by the marshal exclusively in favor of the first of these co-owners, who also exclusively prosecuted the said foreclosure and therefore that the said sale is not valid as regards the second co-owner, inasmuch as she took no part in the foreclosure; and although she ratifies it in all its parts in the said document, such ratification does not destroy the fact of the nullity of the summary proceeding, as it thus appears from its face and the books of the registry; and for the same reason the cancellation prayed for is denied, which is based on the supposed consolidation of the mortgage and ownership rights in the same persons, and in lieu of the record requested a cautionary notice has been entered for the period of 120 days in favor of the said persons at folio 143 of volume 25 of Maricao, property No. 404, duplicate, annotation letter '*f*'. Record of the said instrument is likewise denied as regards the sale by the said persons to Gonzalo Arán y Soler,

inasmuch as the said property is not recorded, but an entry is made in favor of the vendors.''

Appellant lays much stress upon the fact that the interest of the daughter, although acquired prior to the commencement of the foreclosure proceedings, was not recorded until after the execution of the marshal's deed. That circumstance may explain why the court proceeded without requiring that the daughter be joined. The outstanding interest in the daughter, if known to prospective purchasers at the sale may account for the fact that a coffee plantation, with a dwelling, and containing 50 *cuerdas* more or less brought only $152, to be credited upon a total indebtedness of $840. And it may be that the failure to record the evidence of title in the daughter, or to mention her interest in the initial pleading, served to conceal the truth from defendant and to deprive him of such opportunity as he might have had, under the stringent provisions of the Mortgage Law, to call the attention of the court to the real character of the situation. Or, if we assume that the provisions last mentioned were an adequate deterrent in this regard, then the futility of such action may also suffice to eliminate any question of waiver through failure to object on the ground of a defect of parties plaintiff. In any event, we fail to perceive what comfort for appellant is to be found in the mere delay in placing the daughter's title upon the record.

Article 128 of the Mortgage Law provides that the judicial proceedings preliminary to the sale shall be initiated through ''the presentation *by the creditor* of a petition to the judge or court of competent jurisdiction of the place in which the property may be situated.''

And article 169 of the Regulations reads in part as follows:

''The following shall be presented with the initial petition in the proceedings:

"1. Evidence of legal capacity to sue, including the power of attorney of the creditor, if the creditor or the legal representative does not appear in person."

See also 16 R. C. L., p. 7, section 3, and *Polanco* v. *Goffinet,* 29 P. R. R. 111; 27 Cyc. 1520, 1562; *Bausman* v. *Kelly,* 36 N. W. 333; *Vázquez* v. *Valdez,* 28 P. R. R. 431; *J. Ochoa & Brother* v. *José González Clemente & Co.,* 29 P. R. R. 948.

In an ordinary foreclosure proceeding instituted by the wife, perhaps the defendant who does not demur might be regarded as having waived the non-joinder of the husband. But a defendant is not permitted to demur to the initial pleading in a summary foreclosure proceeding. Instances are not wanting where, as in *Polanco* v. *Goffinet, supra,* and *Daíz* v. *Llompart, ante,* page 80, defects or alleged defects, apparent upon the face of the record, have been called to the attention of the court. But it may well be doubted whether a case can be found in which the judge who authorized the issuance of a demand for payment has reconsidered such action and this notwithstanding the fact that an appeal is allowed to the mortgagee in certain circumstances while the debtor has none. In full harmony with the letter and the spirit of the Mortgage Law, the trial courts, very much as a matter of course, are prone to leave the mortgage debtor to his action for damages and the mortgagee to answer therein for any misrepresentation or negligence in the averments contained in his petition for foreclosure.

But there is no pretense in the instant case that the widow appeared in any representative capacity whatsoever. Nor did she seek to foreclose her undivided interest only. The debtor was called upon to pay the entire amount of the debt within thirty days to the plaintiff in the foreclosure proceedings as sole owner of the mortgage, under penalty of a judicial sale of his property in the event of

his failure so to do. If he knew, as he probably did, that the husband was dead and that the plaintiff had concealed from the court the existence of an outstanding interest in the daughter, a disclosure of these facts by him would be no defense. Yet if he paid the mother with such knowledge as to the extent of her interest, such payment would not avail in a subsequent action by the daughter who was not a party to the foreclosure proceeding and whose interest could not be in anywise affected thereby.

It is no answer to this to say that the daughter has since ratified the foreclosure proceeding. Her interest in the mortgage was not foreclosed, because she was not a party to the proceeding and no lawful demand was ever made upon the debtor for payment of the amount due her. And by the same token such debtor was under no obligation to honor the unauthorized requisition for payment of the entire indebtedness, made at the instance of the owner of an undivided interest therein, representing herself, or at most a conjugal partnership at the time no longer in existence, to be the real party in interest.

There is nothing to indicate that the mortgage in question was a deed of trust, or a sale with covenant for recoveyance upon reimbursement of the purchase price. The mortgagor retained the legal title to the mortgaged property, and that title could only be divested by a suit to foreclose the lien brought by the owner thereof or the duly authorized representative of such owner. The daughter, after the so-called sale, could not foreclose her interest *nunc pro tunc* by simply appearing before a notary and ratifying what had been done by the mother, not in the name of herself and daughter, nor yet in the name of the defunct conjugal partnership, but on her own behalf as sole and exclusive owner of the mortgage. To hold otherwise would operate to deprive defendant of his property without due process of law.

The record of either of the deeds in question necessarily

would involve the cancellation through merger of the defendant's record title.  That title can be transferred to the mortgagees upon the record only after foreclosure of the mortgage by the owners thereof in some court which has the power and authority to issue the demand for payment at the time the order is entered.  Neither a notary nor the registrar, nor both together, with the assistance of mortgagees and attorneys can accomplish this result by the execution and record of any public instrument to which the owner of the mortgaged property is not a party.

It is proper to add that these views are not based upon any extended investigation of the subject-matter, and, therefore, are to some extent tentative and subject to such modification or revision in detail as future developments may require.  But until some more satisfactory reason than has been suggested by appellant herein is made to appear we are constrained to hold that the registrar did not err in the ruling complained of, which must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.